IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ANTONIO RASCON, | ) | |
| TDCJ No. 1499692, | ) | |
|         Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 7:11-CV-063-O |
| | ) | |
| RICK THALER, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|         Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Petitioner, Antonio Rascon, challenges the validity of his Knox County conviction for the offense of possession of marijuana, for which he was sentenced to sixteen years in prison. *State v. Rascon*, No. 3806 (50th Judicial District Court of Knox County, Texas 2008). He now seeks federal habeas relief on the following grounds:

1.    illegal traffic stop by law enforcement officials;

2.    unlawful search and seizure;

3.    ineffective assistance of counsel for failing to argue illegal traffic stop;

4.    ineffective assistance of counsel for failing to argue illegal search and seizure;

5.    ineffective assistance of counsel for failing to investigate the facts of the case;

6.    ineffective assistance of counsel for failing to investigate and contact witnesses at the punishment phase of trial;

7.    ineffective assistance of counsel for failing to inform Petitioner of his right to testify at the suppression hearing;

    8.    ineffective assistance of counsel for failing to object to the jury charge or move for mistrial;

    9.    ineffective assistance of counsel for failing to raise obvious errors on appeal, and;

    10.    abuse of discretion and erroneous rulings by the court of appeals.

Petition pp. 7-10.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted on April 10, 2008. Petition ¶ 2. On January 29, 2010, his conviction was affirmed on direct appeal. Petition ¶ 9; *Rascon v. State*, No. 11-08-00186-CR, 2010 WL 337044 at *1 (Tex. App. – Eastland 2010, no pet.). Rascon requested and was granted an

extension of time and allowed until April 30, 2010 to file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals.  *See* Exhibit A, attached hereto.  However, he never filed the PDR.  *See* Petition p. 3.  For purposes of the one-year federal statute of limitations, Petitioner's conviction was final on April 30, 2010, the day on which his time for seeking direct review expired. His one-year limitation period expired on April 30, 2011.

Petitioner states that he mailed his state application for habeas relief on May 25, 2011. Petition p. 3.  The "mailbox rule" does not apply to the mailing of state habeas applications for the purpose of tolling the federal statute of limitations.  *Howland v. Quarterman*, 507 F.3d 840, 844-45 (5th Cir. 2007); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999).  Even if the mailbox rule were applicable, the instant petition would be time-barred.  *See* 28 U.S.C. § 2244(d).  Although a properly filed state habeas application will toll the one-year statute of limitations, Petititoner's state habeas application was filed after the federal limitation period had run.  The instant petition, filed on May 26, 2011, is untimely.

Rascon was afforded the opportunity to show cause as to why this action is not time-barred. *See* Petitioner Rascon's Response to Show Cause Order (Doc. No. 9).  He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown that he could not have discovered the factual basis of his grounds for relief in a timely manner through the exercise of due diligence.  Therefore, Rascon is not entitled to statutory tolling.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding

that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th

Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). In the case at bar, Petitioner has not presented any arguments, facts, or circumstances sufficient to warrant equitable tolling.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is hereby DISMISSED as TIME-BARRED.

A copy of this order shall be transmitted to Petitioner.

SO ORDERED this 10th day of August, 2011.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

# Exhibit A

**From:** █████████ - Court of Criminal Appeals [█████████]
**Sent:** February 18, 2010 10:28 AM
**To:** █████████
**Subject:** Notice from Court of Criminal Appeals

Thursday, February 18, 2010
Re: Case No. PD-0190-10
COA#: 11-08-00186-CR
STYLE: RASCON, ANTONIO B.

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the said item has been extended to Friday, April 30, 2010. NO FURTHER EXTENSIONS WILL BE ENTERTAINED.
  NOTE: PETITION FOR DISCRETIONARY REVIEW MUST BE FILED WITH THE COURT OF APPEALS.

Louise Pearson, Clerk